# EXHIBIT A
# In Support of Notice of Removal

Hearing Date: 8/23/2023 10:30 AM
Location: Court Room 2102
Judge: Atkins, David B.

Case: 1:23-cv-04740 Document 12-1 Filed 07/21/23 Page 2 of 76 PageID #:17

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

FILED
4/25/2023 3:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04073
Calendar, 16
22444215

## IN THE CIRCUIT COURT FOR COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

ZEBEDEE TURNER, on behalf of himself
and all others similarly situated,

        Plaintiffs,

    v.

M&M LIMOUSINE SERVICE, INC.,
M&M TRANSPORTATION SERVICES
LLC, and MINDAUGAS SUSINSKAS,
individually,

        Defendants.

Civil Action No. **2023CH04073**

JURY DEMANDED

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I.    INTRODUCTION.

1.    Plaintiff Zebedee Turner ("Turner") is a former limousine driver for Defendants M&M Limousine Service, Inc. ("M&M Limo"), and M&M Transportation Services, LLC ("M&M Transport"), two privately held companies that are owned by Defendant Mindaugas Susinskas ("Susinskas") (collectively, "Defendants"). Turner brings this action both individually and on behalf of all others similarly situated in order to challenge the following unlawful practices:

    a.    Defendants' misclassification of their drivers as independent contractors even though those drivers do not meet the test for independent contractor status under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. § 115/2;

    b.    Defendants' failure to pay their drivers overtime compensation at the correct overtime rate for hours in excess of forty per week in violation of the overtime provision of the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. § 105/4a;

1

FILED DATE: 4/25/2023 3:17 PM  2023CH04073

c.      Defendants' improper and unlawful deduction from their drivers' wages of sums not authorized under the IWPCA, 820 Ill. Comp. Stat. § 115/9; and

d.      Defendants' unfair and deceptive retention of gratuities paid by customers for the benefit of their drivers, which violates the IWPCA, 820 Ill. Comp. Stat. § 115/4.1, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. § 505/2, and which constitutes common law unjust enrichment.

2.      In this action, Turner seeks certification of a class of individuals who have worked for Defendants as drivers during the relevant statutory periods pursuant to Section 2-801 of the Illinois Code of Civil Procedure ("ILCS"), 735 ILCS § 5/2-801; an order enjoining Defendants from further violation of the IWPCA, the IMWL, and the ICFA; restitution for all unpaid overtime wages at the appropriate overtime rates, improper deductions taken from his and the other drivers' wages, and gratuities withheld from drivers; liquidated damages; pre- and post-judgment interest; reasonable attorneys' fees and costs; and any other relief that this Court deems proper.

## II.    THE PARTIES.

3.      Zebedee Turner is an adult resident of Chicago, Illinois. He worked as a driver for M&M from January 2022 until February 2023.

4.      Turner brings this action on behalf of the following proposed class: all individuals who have worked for M&M Limousine Service, Inc., or M&M Transportation Services, LLC, as drivers, and whom M&M Limousine Service, Inc., or M&M Transportation Services, LLC, have classified as independent contractors, at any time since the beginning of the ten-year period preceding the filing of this Complaint.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

5.      Turner and the proposed class members all routinely and primarily performed work for Defendants in the State of Illinois.

6.      M&M Limousine Service, Inc., is a domestic corporation that maintains its principal office at 1300 Rand Road in Des Plaines, Illinois.

7.      M&M Transportation Services, LLC, is a domestic limited liability company that maintains its principal office at 2720 River Road in Des Plaines, Illinois.

8.       Mindaugas Susinskas is an adult resident of Riverwoods, Illinois, and is the founder and owner of both M&M Limousine Service, Inc., and M&M Transportation Services, LLC.

## III.      JURISDICTION AND VENUE.

9.      The Circuit Court for Cook County has jurisdiction over this matter pursuant to General Order No. 1.2, 2.1(a)(4) because this is an action seeking compensatory damages in excess of $100,000 wherein the occurrence took place, and where the defendant resides in, the boundaries of Municipal District Two (Des Plaines).

10.      Venue is proper in Cook County pursuant to 735 ILCS § 5/2-101 because M&M Limo and M&M Transport maintain their principal offices in Des Plaines, Illinois, which lies in Cook County, and because some part of the transaction out of which this matter arose occurred in Cook County.

## IV.      STATEMENT OF FACTS.

a.      **M&M Limousine's business structure.**

11.      M&M Limo and M&M Transport are in the business of providing chauffeured luxury vehicle services under the trade name "M&M Limousine Services."

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

12.     M&M Limo and M&M Transport are an integrated enterprise that share the same corporate offices and managerial personnel, and which are subject to common ownership.

13.     For purposes of this Complaint, M&M Limo and M&M Transport will be referred to together as "M&M."

14.     Susinskas is the president and secretary of M&M Limo and the manager of M&M Transport. Susinskas is an "employer" within the meaning of the IWPCA and the IMWL because he:

      a.     is an owner and officer of both M&M Limo and M&M Transport;

      b.     retains and exercises operational control over M&M Limo and M&M Transport;

      c.     is a decision maker with respect to the misclassification and wage practices alleged herein; and

      d.     has knowingly permitted the IWPCA and IMWL violations alleged herein to occur.

**b.     M&M's classification of drivers.**

15.     In order to provide its chauffeured luxury vehicle services, M&M owns a fleet of vehicles (e.g., sedans, limousines) which it maintains at its facilities in Des Plaines and Chicago, Illinois.

16.     M&M employs numerous individuals as drivers whom it classifies as independent contractors, rather than as employees.

17.     On information and belief, M&M has employed more than 100 drivers in Illinois (classified as independent contractors) during the past three years.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

18.     Turner worked for M&M as a driver between January 2022 and February 2023. M&M classified him as an independent contractor throughout that period.

19.     M&M retains drivers with the understanding and agreement that it will pay them certain sums, including at specified hourly rates, in exchange for the driving services they provide.

20.     Although M&M classifies its drivers as independent contractors, the chauffer drivers do not satisfy the test for independent contractor status under the IWPCA and the IMWL.

21.     M&M maintains the right to control and direct – and does, in fact, control and direct – the terms and details of the worked performed by the drivers. For example, M&M:

    a.     employs "driver managers" who are responsible for directing, supervising, and disciplining the drivers;

    b.     requires the drivers to wear dress shirts, black pants, black shoes, and black jackets with "minimum logos";

    c.     requires the drivers to download specific smartphone apps in order to clock-in and clock-out and receive their job assignments;

    d.     prohibits the drivers from using their assigned luxury vehicles for personal reasons unless they pay $2 per mile driven;

    e.     requires the drivers to pick up and return their assigned luxury vehicles at its facility in Des Plaines, Illinois, each day;

    f.     unilaterally controls the drivers' rate of pay, pay schedule, and what assignments they receive;

    g.     sets the drivers' weekly work schedules and requires drivers to submit signed "trip" and "hour" sheets documenting their hours worked;

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

h.      retains unilateral authority to hire and fire drivers on an at-will basis and has, in fact, exercised that authority to terminate drivers;

i.      requires the drivers to clean, restock, and perform maintenance on their luxury vehicles at the end of each shift;

j.      retains the right to subject the drivers to drug and alcohol testing before permitting them to return to work following an accident;

k.      requires the drivers to submit time-off requests two weeks in advance and documentation if they "call out" due to a medical emergency; and

l.      fines the drivers for damage to their vehicles, for blocking the view of the vehicles' dash-cams, and for failing to return vehicles fully fueled.

22.     The drivers perform work within M&M's usual course of business; that is, they perform chauffeur driving for M&M, which is in the business of providing chauffeured luxury vehicle services for customers.

23.     The drivers are an integral and necessary part of M&M's business because without the drivers, M&M would be unable to provide its primary service to customers, i.e., chauffeured luxury vehicle services.

24.     The drivers perform work within M&M's usual place of business, namely, the luxury vehicles owned by M&M, which M&M keeps at its physical properties when not in use by the drivers.

25.     The drivers do not work in an independently established trade, occupation, profession, or business as drivers because, *inter alia*, M&M:

a.      actively recruits and hires individuals with little to no prior experience as drivers;

6

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

b.      owns the vehicles that the drivers use, and prohibits them from using those vehicles for purposes other than servicing M&M's customers;

c.      requires the drivers to be "on call" throughout the duration of their assignments, such that the drivers are unable to provide driving services to anyone other than their M&M-assigned customer; and

d.      brands many of the vehicles driven by the drivers as "M&M" vehicles, advertises the drivers as "our chauffeurs," and maintains exclusive access to customers, such that the drivers must work exclusively through M&M.

**c.      M&M's pay practices.**

26.      M&M pays the drivers by the hour – for example, M&M paid Turner $17 per hour – but does not pay the drivers additional compensation when they work more than forty hours in a week, which they routinely do.

27.      For example, during the week of October 3, 2022, Turner worked a total of 71 hours as a driver for M&M. M&M paid him a total of $1,207.00 for those hours – i.e., $17 per hour, with no additional or increased pay for overtime.

28.      M&M takes deductions from the drivers' compensation, including fees and fines for, *inter alia*, failing to return vehicles fully fueled; failing to adhere to M&M's dress code; using vehicles for any reason other than M&M assignments; and damage to M&M-assigned vehicles.

29.      For example, M&M deducted $1,000 from Turner's final paycheck due to damage to the vehicle he was driving following completion of a particular assignment, even though Turner was not at fault for that damage.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

30.     The deductions taken by M&M are not required by law, are not for the benefit of the drivers, and are not made in response to a valid wage assignment or wage deduction order.

31.     M&M does not receive express written consensual authorization from the drivers for the deductions it takes from their compensation.

**d.     M&M's gratuity retention practices.**

32.     M&M charges customers a 20 percent gratuity in addition to the price they pay for luxury vehicle services.

33.     M&M characterizes this 20 percent charge as a "gratuity" or "driver's gratuity" in its advertisements and communications with customers.

34.     For example, on its website, M&M includes the following statement regarding gratuities:

## WORRY-FREE TIPPING WITH M&M LIMO

If your limo driver goes above and beyond by offering these services, they deserve to be thanked with a higher tip. Fortunately, M&M Limo includes 20% gratuity into their total price, which makes enjoying premier limousine service easier than ever.

35.     Similarly, in a posting made to Facebook, M&M stated the following:

FILED DATE: 4/25/2023 3:17 PM   2023CH04073



36.     Despite representing to customers that the 20 percent gratuity they are paying will be paid to the drivers, M&M does not actually pay the 20 percent gratuity to the drivers.

37.     For example, Turner's paychecks reflect that his total compensation each workweek worked out to $17 per hour – his hourly rate, which M&M set – and never included additional sums any gratuities.

38.     In addition, customers whom Turner was assigned by M&M would occasionally state that they had "already paid" a gratuity as part of the price they were charged. However, Turner would not receive those alleged gratuity payments.

39.     The "gratuities," i.e., "driver's gratuities" collected from customers by M&M are the property of the drivers, and Defendants have unlawfully kept them instead of distributing them to the drivers.

40.     M&M's misrepresentations concerning the drivers' 20 percent gratuity was directed at the market and consumers generally, with the intention of deceiving customers into believing that the gratuities they were paying were going to the drivers.

9

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

41.     M&M misrepresentations concerning the 20 percent gratuity directly and proximately harmed the drivers because they did not receive money that customers intended or expected them to receive.

42.     M&M's failure to remit the 20 percent gratuity paid by customers to the drivers frustrated those customers' intentions by depriving the drivers of money the customers expected them to receive.

43.     Permitting M&M to retain the gratuities paid by customers would be unjust and inequitable because it would permit M&M to benefit from the affirmative misrepresentations it has made consumers, to the detriment of the drivers.

## V.     CLASS ALLEGATIONS.

44.     Turner brings his lawsuit as a class action pursuant to 735 ILCS § 5/2-801 for and on behalf of himself and the following proposed class, as to which he seeks certification:

> all individuals who have worked for M&M Limousine Service, Inc., or M&M Transportation Services, LLC, as drivers, and whom M&M Limousine Service, Inc., or M&M Transportation Services, LLC, have classified as independent contractors, at any time since the beginning of the ten-year period preceding the filing of this Complaint.

45.     This case may be maintained properly as a class action because it meets all the requirements for class certification under 735 ILCS § 5/2-801.

46.     The class is too numerous for practicable joinder. On information and belief, the size of the proposed class is at least 100 individuals. Turner does not know the exact size of the class since that information is within the control of Defendants.

47.     There are questions of law and fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include, *inter alia*, whether Defendants have:

a.     misclassified their drivers as independent contractors;

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

b.      failed to pay their drivers for overtime at the appropriate rate;

c.      taken improper and unauthorized deductions from their drivers' agreed-upon compensation;

d.      misrepresented to consumers that the "gratuity" they pay for chauffeur services will be remitted to the drivers; and

e.      retained or otherwise failed to distribute to their drivers the gratuities paid by customers.

48.     The claims asserted by Turner are typical of the claims of potential class members because he performed the same work subject to the same challenged practices as the potential class members he seeks to represent. Further, Turner and the potential class members' claims should be readily ascertainable from Defendants' business records.

49.     Turner and his counsel will fairly and adequately protect and represent the interests of the class. Turner has no conflict of interest with the proposed class members. Moreover, his success in this matter will translate into success for the proposed class generally. Turner also retained the undersigned counsel, who are highly experienced in wage litigation and class actions generally.

50.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The alternative – numerous identical lawsuits alleging similar or identical causes of action – would not serve the interests of judicial economy and the prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants. Moreover, some class members – particularly current drivers – may be reluctant to bring their claims individually for fear of retaliation by Defendants.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

51.     Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the IWPCA and IMWL to workers, whose individual claims may be too small to warrant the expense of litigation.

52.     This class action will not be difficult to manage due to the uniformity of claims among the class members, the amenability of wage and consumer fraud cases to both class litigation, and the use of representative testimony and representative documentary evidence that will be similar or identical among the members of the proposed class.

## COUNT I
### Illinois Minimum Wage Law
### 820 Ill. Comp. Stat. § 105/4a

53.     On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

54.     As set forth herein, Defendants have violated the IMWL, 820 Ill. Comp. Stat. § 105/4a, by failing to play Turner and the proposed class members 1.5 times their regular rate of pay when they have worked more than forty hours in a workweek.

55.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to 820 Ill. Comp. Stat. § 105/12.

## COUNT II
### Illinois Wage Payment and Collection Act – Unlawful Deductions
### 820 Ill. Comp. Stat. § 115/9

56.     On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

57.     As set forth herein, Defendants have violated the IWPCA, 820 Ill. Comp. Stat. § 115/9, by taking unlawful deductions from the compensation they agreed to pay Turner and the proposed class members.

FILED DATE: 4/25/2023 3:17 PM  2023CH04073

58.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to 820 Ill. Comp. Stat. § 115/14.

**COUNT III**
**Illinois Wage Payment and Collection Act – Unpaid Gratuities**
**820 Ill. Comp. Stat. § 115/4.1**

59.     On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

60.     As set forth herein, Defendants have violated the IWPCA, 820 Ill. Comp. Stat. § 115/4.1, by keeping gratuities to Turner and the proposed class members, which are the property of the drivers.

61.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to 820 Ill. Comp. Stat. § 115/14.

**COUNT IV**
**Illinois Consumer Fraud and Deceptive Business Practices Act**
**815 Ill. Comp. Stat. § 505/2**

62.     On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

63.     As set forth herein, Defendants have violated the ICFA, 820 Ill. Comp. Stat. § 505/2, by engaging in the unfair and deceptive act or practice of charging monetary sums to consumers under the false pretense that they are paying "gratuities" for the benefit of Defendants' drivers while failing to remit the money paid by consumers to the drivers.

64.     As a result of Defendants' unfair and deceptive acts or practices in connection with the "gratuities" they collect from consumers, Defendants' drivers have suffered damages because they have not received money that consumers intended or expected them to receive.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

65.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to 820 Ill. Comp. Stat. § 505/10a.

## COUNT V
**Unjust Enrichment**

66.     On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

67.     As set forth herein, Defendants have engaged in common law unjust enrichment by falsely misrepresenting to consumers that they were paying "gratuities" for the benefit of their drivers while failing to remit those gratuities to the drivers.

68.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to Illinois common law.

## PRAYER FOR RELIEF

69.     Plaintiff hereby demands a jury on all claims.

70.     Plaintiff respectfully requests that the Court grant the following relief:

a.      Certification of the proposed class under 735 ILCS § 5/2-801;

b.      Appointment of Turner and the undersigned counsel as representatives of the certified class;

c.      An order enjoining Defendants from further violations of the IWPCA, the IMWL, and the ICFA;

d.      Restitution of all unpaid overtime wages owed under the IMWL;

e.      Restitution of all improper deductions under the IWPCA;

f.      Restitution of all unpaid gratuities;

g.      Liquidated damages and penalties as provided for in 820 Ill. Comp. Stat. §§ 105/12(a) and 115/14(a);

FILED DATE: 4/25/2023 3:17 PM    2023CH04073

h.    Pre- and post-judgment interest;

i.    Reasonable attorneys' fees and costs; and

j.    Any such other relief as this Court deems proper.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

Respectfully submitted,

ZEBEDEE TURNER, individually and on behalf all others similarly situated,

By their attorneys,


  /s/ James B. Zouras
James B. Zouras, **STEPHAN ZOURAS, LLP**
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
Firm ID: 43734
jzouras@stephanzouras.com


Hillary Schwab
  *Pro hac vice* application forthcoming
Rachel Smit
  *Pro hac vice* application forthcoming
Brant Casavant
  *Pro hac vice* application forthcoming
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel:  (617) 607-3260
Fax:  (617) 488-2261
hillary@fairworklaw.com
rachel@fairworklaw.com
brant@fairworklaw.com

Dated: April 25, 2023

FILED DATE: 4/25/2023 3:17 PM    2023CH04073

## **<u>CERTIFICATE OF SERVICE</u>**

I, the attorney, hereby certify that on April 25, 2023, I filed the attached with the Clerk of the Court using the electronic filing system and will send such filing to all attorneys of record.

*/s/ James B. Zouras*

FILED
4/26/2023 2:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04073
Calendar, 16
22462468

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

## IN THE CIRCUIT COURT FOR COOK COUNTY
## COUNTY DEPARTMENT – CHANCERY DIVISION

ZEBEDEE TURNER, on behalf of himself
and all others similarly situated,

Plaintiffs,

v.

M&M LIMOUSINE SERVICE, INC.,
M&M TRANSPORTATION SERVICES
LLC, and MINDAUGAS SUSINSKAS,
individually,

Defendants.

Civil Action No. 2023-CH-04073

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
## AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Defendants M&M Limousine Service, Inc., M&M Transportation Services LLC, and

their owner, Mindaugas Susinskas (collectively, "Defendants"), are in the business of providing

chauffeured luxury vehicle services under the name "M&M Limousine Services." To that end,

Defendants have, over the past decade, retained numerous individuals to work for them as

drivers. Plaintiff Zebedee Turner was one such individual. From January 2022 until February

2023, he worked for Defendants as a driver, transporting customers in luxury vehicles.

Plaintiff filed this action on behalf of himself and all others similarly situated alleging

several violations of Illinois law. Plaintiff claims that Defendants have: (1) misclassified their

drivers as independent contractors, even though they do not qualify as independent contractors

under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/2; (2) failed to

pay their drivers overtime at the correct rate, in violation of the Illinois Minimum Wage Law

("IMWL"), 820 ILCS § 105/4a; (3) taken deductions from their drivers' wages that are unlawful

1

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

under the IWPCA, 820 ILCS § 115/9; and (4) unfairly and deceptively retained gratuities paid by customers in violation of the IWPCA, 820 ILCS § 115/4.1, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("IFCA"), 815 ILCS § 505/2, and which constitutes common law unjust enrichment.

Plaintiff now respectfully asks this Court for an order certifying the following class under 735 ILCS § 5/2-801:

> all individuals who have worked for M&M Limousine Service, Inc., or M&M Transportation Services, LLC, as luxury vehicle drivers, and whom M&M Limousine Service, Inc., or M&M Transportation Services, LLC, have classified as independent contractors, at any time since April 25, 2013.

In addition, Plaintiff respectfully asks this Court to appoint him class representative and designate James Zouras of Stephan Zouras LLP and Hillary Schwab, Brant Casavant, and Rachel Smit of Fair Work P.C. as class counsel.

Class certification is more than warranted here. The defining questions in this case are common to Defendants' drivers and will turn on common evidence that is exclusively in Defendants' control. For example, determining whether Defendants' classification of their drivers as independent contractors will require evaluation of the same evidence and the same three-factor "ABC" test for employment status, which lends itself to class treatment. Likewise, questions concerning the manner in which Defendants paid their drivers, and their practices with respect to gratuity collection and distribution, will be the same among the drivers and answerable using the same body of evidence (e.g., pay statements, time sheets, policy memos, and Defendants' written communications, examples of which are included with this Motion).

Put simply, the issues to be litigated in this matter "are about the most perfect questions for class treatment" because they cohere around common evidence, require common legal

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

analysis, and will result in common outcomes for all proposed class members. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y 2007). Plaintiff therefore respectfully requests that the Court grant this Motion, certify the proposed class, and designate him and the undersigned counsel as class representatives. Alternatively, in the event the Court wishes for the parties to undertake formal discovery prior to consideration or ruling on this motion, Plaintiff requests that the Court allow him to supplement this briefing and defer the relevant response and reply deadlines accordingly.

## **BACKGROUND**

Defendants M&M Limousine, Inc. ("M&M Limo"), and M&M Transportation Services, LLC ("M&M Transport"), are related domestic companies based in Des Plaines, Illinois. (Class Action Complaint and Jury Demand ["Compl."], ¶¶ 6-7, 11-12). Together they are owned and managed by the individual Defendant Mindaugas Susinskas ("Susinskas") and operate under the trade name "M&M Limousine Services." (*Id.*, ¶¶ 8, 14). Defendants advertise their services on a website, www.mmlimo.com, as follows:

> M&M Limousine Services is a luxury limo company that offers premier limo rental services in Chicago and other areas of Illinois. We offer premier limo rental services to airports, corporate meetings or events, weddings, bachelor/bachelorette parties, proms, school dances, sporting events, and other types of parties or events. Travelers in Chicago rely on our limo company because of our affordable rates and a large selection of stretch limos, party buses, sedans, SUVs, and vans.
>
> M&M Limo first began with one Town Car in the year 2000. Since then, we have grown into a phenomenal limo company that offers luxury transportation services. We are one of the largest company-owned fleets in the Midwest.
>
> With a brand new fleet and incomparable limo rental services, M&M Limousine Services beats all customer standards going above and beyond set expectations. We offer a large variety of transportation options throughout Chicago, such as stretch limos, vans, sedans, SUVs, and party buses.

FILED DATE: 4/26/2023 2:34 PM    2023CH04073

(Affidavit of Brant Casavant ["Casavant Aff."], ¶ 12, Ex. A, attached as **Exhibit 1**). In order to provide their luxury vehicle rental services, Defendants retains individuals to act as paid drivers. (Compl., ¶ 16; Affidavit of Zebedee Turner ["Turner Aff."], ¶ 7, attached as **Exhibit 2**). According to their filings with the federal Department of Transportation ("DOT"), M&M Limo retained at least 74 such drivers in 2022-2023. (Casavant Aff. [**Ex. 1**], ¶ 15, Ex. D). Plaintiff Zebedee Turner was one such driver. (Turner Aff. [**Ex. 2**], ¶ 4). He worked for Defendants from January 2022 to February 2023. (*Id.*).

Defendants do not classify their drivers as employees. (Compl., ¶¶ 16-17; Turner Aff. [**Ex. 2**], ¶ 10). Instead, Defendants classify their drivers as independent contractors. (Compl., ¶¶ 16-18; Turner Aff. [**Ex. 2**], ¶¶ 9-10). Their purported "independent" status notwithstanding, Defendants both retain the right to control and actually exercise pervasive control over the drivers' work and working conditions. To start, they hire and the retain the right to fire drivers, set the rates and timing of the drivers' compensation. (Compl., ¶¶ 21(f), (h), 26; Turner Aff. [**Ex. 2**], ¶¶ 9, 12). For example, Defendants paid Plaintiff $17 per hour on a weekly basis. (Compl., ¶ 26; Turner Aff. [**Ex. 2**], ¶ 9). Defendants also own the vehicles that the drivers use, which they require the drivers to clean and maintain, and which they prohibit the drivers from using for personal reasons. (Compl., ¶¶ 15, 21(d), (i); Turner Aff. [**Ex. 2**], ¶¶ 6, 16(d), 17). Defendants determine what assignments the drivers receive and employ individuals as "driver managers" to oversee, supervise, and direct the work of the drivers. (Compl., ¶ 21(a); Turner Aff. [**Ex. 2**], ¶ 8).

One of the driver managers to whom Plaintiff reported while working for Defendants was named Chris Foster. (Turner Aff. [**Ex. 2**], ¶ 18). Mr. Foster sent emails to the drivers with instructions about their job duties and with warnings concerning drivers' failure to comply with Defendants' policies. (*Id.* [**Ex. 2**], ¶¶ 18-19). In one such email, Mr. Foster warned that drivers

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

who did fuel their vehicles before returning them would have deductions taken from their pay. (*Id.* [**Ex. 2**], ¶ 18). In another, Mr. Foster instructed the drivers about Defendants' dress code –a "Black of White button up shirt, Black pants, & Black shoes. No exceptions" – and stating that anyone who fails to show up in uniform will have deductions taken from their pay. (*Id.*, [**Ex. 2**], ¶ 19).

Defendants require their drivers to sign a document purporting to govern their vehicle use and work availability. (*Id.* [**Ex. 2**], ¶ 20). That document states that the only people who could authorize drivers to use Defendants' vehicles for personal reasons are Susinskas and Defendants' "Head of the Drivers Department," an individual named "Muhammad T." (*Id.*, Ex. F). That document threatens drivers who commit "timesheet fraud" with termination and criminal prosecution, informs drivers that they must submit time-off requests two weeks in advance, advises drivers that they must provide documentation if they call out due to an emergency, and state that Defendants are "allowed to ask you to bring our vehicle in for any reason, anything inside the vehicle we are allowed to move." (*Id.*). This document was sent to the drivers by email from a driver manager with the subject heading, "NEW POLICY-MUST READ AND SIGNED [sic] TO CONTINUE WORKING AT M&M." (*Id.*).

In order to get paid, drivers are required to fill out, sign, and submit weekly time sheets. (Compl., ¶ 21(m); Turner Aff. [**Ex. 2**], ¶ 14). Defendants track the assignments that drivers perform, including the name of the customer, the pickup and drop-off location, the amount paid by the customer, including gratuity. (Casavant Aff. [**Ex. 1**], ¶ 14, Ex. B). Details concerning specific assignments are dispatched to the drivers by email, including "special instructions" (such as "call | text upon arrival") the drivers needed to know. (Turner Aff. [**Ex. 2**], ¶ 15, Ex. C). Defendants require their drivers to install an app called "Deluxe Payment Exchange" on their

smartphones in order to receive their weekly pay. (Compl., ¶ 21(c); Turner Aff. [**Ex. 2**], ¶ 12). In addition, Defendants mandate that the drivers use a vehicle fleet management software platform called Samsara to log their assignments. (Turner Aff. [**Ex. 2**], ¶ 21(d)).

Defendants' drivers routinely work more than 40 hours per week. (Compl., ¶ 26; Turner Aff. [**Ex. 2**], ¶ 13). Plaintiff's timesheets, for example, indicate that he worked more than 40 hours per week in several workweeks during his employment. (Turner Aff. [**Ex. 2**], ¶ 14, Ex. B). Despite this, Defendants have not paid, and did not pay Plaintiff, additional compensation for the drivers' overtime hours. (Compl., ¶ 27; Turner Aff. [**Ex. 2**], ¶¶ 11, 13). This fact is reflected in Plaintiff's time and pay records, which show that his pay remained a constant $17.00 per hour irrespective of the number of hours he worked:[1]

| Pay Period Ending | Hours | Total Pay | Hourly Pay (Total ÷ Hours) |
| --- | --- | --- | --- |
| 11/27/2022 | 54.00 | $918.00 | $17.00 |
| 01/15/2023 | 68.00 | $1,156.00 | $17.00 |

(*See* Turner Aff. [**Ex. 2**], Ex. A *and* Ex. B).

As indicated in the correspondence discussed above, Defendants took deductions from the drivers' pay for various purported policy infractions. (Compl., ¶ 28). For example, Defendants withheld $1,000 from one of Plaintiff's paychecks following an accident for which Plaintiff was not at fault (as later determined by Defendants). (Compl., ¶ 29; Turner Aff. [**Ex. 2**], ¶ 23).

Defendants charge customers a 20 percent gratuity in addition to the fee they pay for luxury vehicle services. (Compl., ¶¶ 32-33; Turner Aff. [**Ex. 2**], ¶ 21). Defendants describe this

---

[1] This chart represents only a sample derived from the earnings statements and time sheets retained by Plaintiff. Additional records concerning his and other drivers' compensation and work hours are in Defendants' possession.

FILED DATE: 4/26/2023 2:34 PM  2023CH04073

charge as a "gratuity" or "driver's gratuity" in their advertisements and other communications. (Compl., ¶¶ 32-33; Turner Aff. [**Ex. 2**], ¶ 21). For example, on its website, Defendants include the following statement regarding gratuities:

## WORRY-FREE TIPPING WITH M&M LIMO

If your limo driver goes above and beyond by offering these services, they deserve to be thanked with a higher tip. Fortunately, M&M Limo includes 20% gratuity into their total price, which makes enjoying premier limousine service easier than ever.

(*See* Casavant Aff. [**Ex. 1**], Ex. A). Similarly, in a post made to their Facebook, Defendants stated the following:



(*See id.*, Ex. C). Defendants do not actually remit the proceeds of the 20 percent gratuity to the drivers. (Compl., ¶ 36; Turner Aff. [**Ex. 2**], ¶ 22). This is reflected in Defendants' records for Plaintiff, which include information about the amount of "gratuity" that each customer paid in connection with their trip. (Turner Aff. [**Ex. 2**], Ex. A; Casavant Aff. [**Ex. 1**], ¶ 14, Ex. B). However, Plaintiff never received those sums; his paychecks for the corresponding weeks reflect no gratuity payments. (*See* Turner Aff. [**Ex. 2**], Ex. A).

## **STANDARD FOR CLASS CERTIFICATION**

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465, ¶ 9, *citing Miner v. Gillette Co.*, 87

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

Ill.2d 7, 14 (1981). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9, *citing Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007). Under Section 2-801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

    (1)    the class is so numerous that a joinder of all members is impracticable;

    (2)    there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

    (3)    the representative parties will fairly and adequately protect the interest of the class; and

    (4)    the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441, 447 (2006), *citing* 735 ILCS § 5/2-801. Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9, *citing Ramirez*, 378 Ill. App. 3d at 53. Here, the allegations and facts amply demonstrate that the certification factors are met.

## ARGUMENT

## I. THE CLASS IS TOO NUMEROUS FOR PRACTICABLE JOINDER.

In order to satisfy numerosity, "plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; … plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable." *Cruz v. Unilock Chicago*, 383 Ill. App. 752, 771 (2d Dist. 2008) (internal citations omitted); *see also Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly

members of the class."). In evaluating numerosity, courts may rely upon "common sense assumptions and public documents." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992). Courts in Illinois generally find numerosity satisfied when faced with potential classes numbering at least 40 individuals. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

According to its DOT filings, M&M Limo maintains an average daily roster of 74 drivers.[2] That number falls "way above the 40-person guideline" for numerosity. *Shackelford v. Allstate Fire & Casualty Ins. Co.*, 2021 IL App (1st) 210195-U, ¶ 19 (1st Dist. Sept. 28, 2021) (quoting and affirming Circuit Court's determination that 66-person class satisfied numerosity). That number also does not include drivers who worked for Defendants prior to 2022-2023. Given that turnover is a normal feature of any workplace, it is reasonable to assume that well more than 74 drivers have worked for Defendants during the ten-year period applicable to this case. Requiring joinder of those individuals would be impracticable.

## II.     COMMON QUESTIONS OF LAW AND FACT PREDOMINATE OVER INDIVIDUAL ISSUES.

Courts analyze commonality and predominance by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class

---

[2] As a company engaged in interstate transportation services, M&M Limo is considered a "motor carrier" and must file registration renewals with the DOT's Federal Motor Carrier Safety Administration every two years. As part of that process, M&M Limo was required to disclose "the number of interstate and intrastate drivers who operate [commercial motor vehicles] for the company on an average workday." Instructions for FORM MCS-150, OMB No. 2126-0013, *available at* https://www.fmcsa.dot.gov/registration/form-mcs-150-and-instructions-motor-carrier-identification-report.

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

FILED DATE: 4/26/2023 2:34 PM    2023CH04073

members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Appellate Court, the question is will "common … issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

### A. Common issues predominate on Plaintiff's claim for independent contractor misclassification.

The preliminary question at the heart of this case is the question of whether Defendants have misclassified their drivers as independent contractors under Illinois law. That question may be addressed on a class basis because it presents a "common contention whose truth or falsity 'will resolve an issue that is central to the validity of each claim'." *Johnson v. Diakon Logistics*, 2020 WL 405636, at *4 (N.D. Ill. Jan. 23, 2020), *aff'd*, 44 F.4th 1048 (7th Cir. 2022), *quoting Chicago Teachers Union, Local No. 1 v. Board of Educ. of City of Chicago*, 797 F.3d 426, 434 (7th Cir. 2015). Indeed, the very test for determining independent contractor status established by the IWPCA is one that lends itself to class treatment. Under the IWPCA, a putative employer may only treat workers as independent contractors, rather than employees, if the workers:

(1)     have been and will continue to be free from control and direction over the performance of their work, both under their contract of service with his employer and in fact; and

(2)     perform work which is either outside the usual course of business or is performed outside all of the places of business of the employer; and

(3)     are in an independently established trade, occupation, profession, or business.

*See* 820 ILCS § 115/2. The burden of establishing compliance with this test lies with the putative employer. *Brandon v. 3PD, Inc.*, 2014 WL 11348998, at *10 (N.D. Ill. Aug. 6, 2014). Moreover, the "test is conjunctive, which means an employer must satisfy all three elements to classify a worker as an independent contractor." *Prokhorov v. IIK Transport, Inc.*, 2023 WL 2711599, at

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

*5 (N.D. Ill. Mar. 30, 2023); *see also Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1060 (7th Cir. 2016) ("Under the IWPCA, if the employer cannot satisfy *just one* prong of the test, the inquiry into employment status ends.") (emphasis original).

Each of the IWPCA's criteria for independent contractor status is susceptible to classwide argument, analysis, and proof. In particular, the second element – which asks whether the work performed by the drivers is outside the usual course of Defendants' business or performed outside all places of Defendants' business – is one that can "*only*" be answered using "evidence common to the class." *Brandon*, 2014 WL 11348998, at *11 (emphasis original). As the federal District Court recently explained:

> [S]o long as the class members were doing the same work, common evidence will show whether that work was performed "outside the usual course of business or … outside all of the places of business of the employer." 820 ILCS 115/2. The class only includes delivery drivers; their usual course of business is the same, as is their usual place of business. Drivers may have driven different routes, but they all parked and picked up their trucks at specific locations and all delivered loads to specific customers' locations. (Whether those places are part of or outside IIK's place of business is a merits question.)

*Prokhorov*, 2023 WL 2711599, at *5. Put differently, there can be "no doubt that common evidence will satisfy the second prong of the test" because "[p]rong two requires common evidence about [the defendant's] business model, which is applicable to all class members." *Costello*, 810 F.3d at 1059-60.

Here, even without the benefit of formal discovery, common evidence relevant to the second element will ultimately be dispositive of the drivers' employment status. The nature of Defendants' business is a fact common to the class as a whole – Defendants are either in the business of providing luxury vehicle transportation or they are not. Similarly, the proposed class includes only those individuals who have worked for Defendants as "independent contractor"

11

drivers, meaning that the question of whether they perform a service within Defendants' usual course of business is one axiomatically suitable for class evaluation. The same is true with regards to whether the drivers ever perform services outside Defendants' places of business. As the Appellate Court held in a markedly similar case involving limousine drivers:

> While it is true that the driving did not take place at the [defendant's] office, the chauffeurs picked up and returned their limousines there. Furthermore, we cannot conclude that the usual course of a limousine dispatching service is limited to office space. Rather, we find that because the drivers represented the interests of [the defendant] whenever they picked up passengers, that the usual course of business was on the roadways traveled.

*O'Hare-Midway Limousine Serv., Inc. v. Baker*, 232 Ill. App. 3d 108, 113 (5th Dist. 1992). Thus, to the extent that the evidence confirms that Defendants uniformly required their drivers to return their vehicles to Defendants' property each shift, or otherwise used Defendants' vehicles to transport Defendants' customers, such evidence will resolve the second prong in not just some, but all, the class members' favor.

The first and third elements of the IWCPA's independent contractor test also present overwhelmingly common inquiries as to which common answers abound. The first element, concerning Defendants' right to control, may be established through common evidence such as any written agreements the drivers signed and Defendants' policies concerning drivers' "schedules, uniforms, appearances of vehicles, monitoring of the quality of service provided by the drivers, training of new … drivers, and requirements for vehicle maintenance[.]" *Brandon*, 2014 WL 11348998, at *11, *quoting Phelps v. 3PD, Inc.*, 261 F.R.D. 548, 556-57 (D. Or. 2009). Indeed, for purposes of the IWPCA's test, the Illinois Department of Labor's regulations define "control" in a categorical, rather than individualized, manner, that is, as the "existence of *general* control or the right to *general* control, even though the details of work are left to an individual's judgment." Ill. Admin. Code Tit. 56, § 300.460(a)(1) (emphasis added). This element looks to

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

whether the drivers were subject to the same rules and policies while working for Defendants, which is fundamentally a class inquiry. *See Prokhorov*, 2023 WL 2711599, at \*5 (evidence that drivers "were also subject to the same rules" satisfied commonality); *O'Hare-Midway Limousine*, 232 Ill. App. 3d at 112 (defendant misclassified drivers where defendant retained the "ability to control the employees" through "rules regarding collection of fares and servicing of passengers, and [a] mandatory dress code"), *citing NLRB v. O'Hare-Midway Limousine Service, Inc.*, 924 F.2d 692 (7th Cir. 1991).

The third element's inquiry into the whether the drivers work in an independently established business is "similarly conducive to resolution through common evidence." *Prokhorov*, 2023 WL 2711599, at \*5. As the IWPCA's regulations provide, "independently established" means that the drivers have a "proprietary interest in [the] business, to the extent that he/she operates the business without hindrance from any other person and, as the enterprise's owner, may sell or otherwise transfer the business." Ill. Admin. Code Tit. 56, § 300.460(a)(1). Here, again, the focus is on Defendants' business operations, not the individual drivers. *See AFM Messenger Serv., Inc. v. Dept. of Employment Sec.*, 198 Ill. 2d 380, 401 (2001) (AFM failed to satisfy third element where "AFM procured the customers; AFM set the delivery prices; AFM provided the delivery tickets to the customers; AFM made the delivery assignments; AFM billed the customers; AFM set the commission rate; AFM paid the drivers."). And given that Defendants' drivers were all "subject to the same business model," drove vehicles owned by Defendants, and were required to service Defendants' customers under Defendants' brand name, "whether or not they could survive independent of [Defendants] can be adjudicated through common evidence." *Prokhorov*, 2023 WL 2711599, at \*5.

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

**B.      Common issues predominate on Plaintiff's claim for failure to pay overtime and for unlawful deductions.**

Plaintiff's claims for failure to pay overtime and improper wage deductions are equally well suited to class adjudication. The overtime provision of the IMWL states that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation … at a rate not less than 1½ times the regular rate at which he is employed" for those hours worked in excess of 40. 820 Ill. Comp. Stat. § 105/4a. Certain occupations are exempt from this requirement; luxury vehicle drivers are not among them. *See id.* Thus, after answering the common question of whether Defendants misclassified their drivers as independent contractors, the only remaining question with respect to Plaintiff's overtime claim will be whether Defendants paid the drivers 1.5 times their regular rate when they worked overtime. The evidence common to that question is undeniably relevant class-wide: the drivers' pay statements and time records will reflect the hours they worked and the amounts they were paid, from which liability may be established. And while such an inquiry may result in different class members receiving different damages awards based on variations in the hours they worked, such an inquiry does not overwhelm the central liability inquiry upon which their overtime claim depends. *See Cruz*, 383 Ill. App. 3d at 777 ("While we discern that, if the common issues are proved in favor of plaintiffs, the trial court would face significant individual variations in damages, this should not defeat the determination that the commonality/predominance prerequisite is satisfied. … The establishment of these common issues would allow class members affected by each issue to recover. The individual determination of whether each member was affected is more in the nature of a damages calculation than a liability determination.") (internal citation omitted).

As to the deductions claim, the IWPCA prohibits employer deductions from wages or final compensation unless the deductions are "(1) required by law; (2) to the benefit of the employee … [or] (4) made with the express written consent of the employee, given freely at the time the deduction is made[.]"[3] 820 Ill. Comp. Stat. § 115/9. The "question for now isn't whether deductions were made … but instead whether common proof can determine if the drivers were classified in such a way that deductions were allowed[.] If plaintiff is right, and the drivers were misclassified, then deductions were barred … with few exceptions. If he's wrong, then the drivers have no claim under the Act. Plaintiff doesn't have to show that victory will turn on common proof. He only needs to show that some question will turn on common proof – here, whether the drivers were properly classified." *Prokhorov*, 2023 WL 2711599 at *7. Here, Plaintiff has identified several types of deductions which Defendants took from their drivers' pay, including deductions for failing to return vehicles fully fueled; failing to adhere to Defendants' dress code; using vehicles for reasons other than Defendants' assignments; and damage to the drivers' vehicles. (Compl., ¶ 28). Proof that such deductions occurred, and whether they are lawful under the IWPCA, depends upon common analysis and evidence, much in the same manner as Plaintiff's overtime claim (e.g., by reference to pay statements, policy documents, and any written agreements the drivers signed).

### C.    Common issues predominate on Plaintiff's gratuity distribution claim.

Plaintiff's remaining claims concern Defendants' practice of advertising and charging a 20 percent "gratuity" to customers, while failing to remit the proceeds of that "gratuity" to the

---

[3] The IWPCA also provides that deductions are permitted if they are made "(3) in response to a valid wage assignment or wage deduction order" or "(5) made by a municipality" of a specific size. 820 Ill. Comp. Stat. § 115/9. However, neither exception is relevant here as Plaintiff is not challenging any valid wage assignments (e.g., court-mandated trial support deductions), nor are Defendants a municipality.

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

drivers. Plaintiff contends that this practice violates the IWPCA as well as the Illinois Consumer Fraud and Deceptive Business Practices Act ("IFCA"), 815 ILCS § 505/2, and constitutes common law unjust enrichment. These claims depend upon common issues and evidence relevant to the class writ large. Each arises from a common alleged series of misrepresentations by Defendants – *inter alia*, statements that customers enjoy "worry-free tipping with M&M Limo" because Defendants "include[] 20% gratuity in their total price" and that rental rates include a "20% driver gratuity." (*See* Casavant Aff. [**Ex. 1**], Ex. A *and* Ex. C). The claims also depend upon common records; that is, Defendants' records demonstrating how much they have collected in gratuities from customers and the drivers' pay or earnings records, which would, presumably, identify any gratuities Defendants remitted to the drivers.

A common finding on liability will arise squarely out of this body of common evidence. With respect to the IFCA claim, Plaintiff must show "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of trade or commerce; and (4) the consumer fraud proximately caused the plaintiff's injury." *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 23 (1st Dist. 2013). None of these elements entails individualized inquiries – certainly no individualized inquiries so overwhelming as to preclude class treatment. Each, instead, focuses on *Defendants'* conduct and intentions, which would not vary from driver to driver. That is to say, Defendants' statements concerning the gratuity are either deceptive or not; either way, that finding similarly impacts all members of the proposed class. Likewise, Defendants' intention concerning the gratuity was either deceptive or not; again, the answer to that question is a common one. The remaining elements also depend squarely on class-wide proof. Defendants' representations clearly occurred in the course of trade or commerce vis-à-vis every driver since

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

that is the nature of Defendants' business. And to the extent the drivers did not receive all gratuities paid by customers, Defendants' misrepresentations would plainly cause the drivers harm, i.e., lost income.

Common issues predominate as to Plaintiff's IWPCA and unjust enrichment claims as well. As with the IFCA claim, both those claims revolve around common evidence of a common practice, e.g., whether Defendants charged a fee labeled as a "20 percent gratuity," whether that charge constitutes a "gratuity" under the IWPCA, and whether Defendants failed to remit the proceeds of the gratuity to the drivers in violation of the statute's mandate that "[g]ratuities to employees are the property of the employees, and employers shall not keep gratuities." 820 ILCS § 115/4.1. Similar inquiries arise with regards to Plaintiff's unjust enrichment claim. There, liability may be established on a class basis because common law unjust enrichment "focuses on the enrichment of the defendant, and the fact that it would be an injustice for the defendant to receive [a] benefit without paying the plaintiff for it." *Partipilo v. Hallman*, 156 Ill. App. 3d 806, 810-11 (1st Dist. 1987). Thus, Plaintiff has satisfied commonality and predominance.

## III.   PLAINTIFF AND HIS COUNSEL ARE ADEQUATE CLASS REPRESENTATIVES.

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether he or she will fairly represent them. *See CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 16. In this case, Plaintiff's interests are the same as the class. Plaintiff is a member of the proposed class because he drove for Defendants within the statutory period and was both subject to and affected by the practices challenged in this case. In short, Plaintiff was a victim of the same uniform practices as the individuals he seeks to represent and is not seeking any relief that is potentially at odds with other members of the class. What is more,

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

Plaintiff has the interests of those class members in mind, as demonstrated by his willingness to sue on a class basis and step forward as the class representative. (Turner Aff. [**Ex. 2**], ¶¶ 26-27).

Proposed class counsel will also fairly and adequately represent the class. Each is a highly qualified and experienced attorney. James Zouras is a recognized attorney in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts. (*See* Affidavit of James Zouras, attached as **Exhibit 3**). Likewise, Hillary Schwab, Brant Casavant, and Rachel Smit have extensive experience litigating class claims similar to the ones at issue here on behalf of employees. (*See* Casavant Aff. [**Ex. 1**], ¶¶ 3-11; Affidavit of Hillary Schwab ["Schwab Aff."], ¶¶ 3-12, attached as **Exhibit 4**; Affidavit of Rachel Smit ["Smit Aff."], ¶¶ 3-5, attached as **Exhibit 5**). Thus, proposed class counsel are adequate.

## IV.    A CLASS ACTION IS THE SUPERIOR MEANS OF ADJUDICATING THIS DISPUTE.

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Serv., Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.* Here, Plaintiff's claims stem from Defendants' uniform policies and practices which have resulted in common violations for all members of the proposed class. Challenging those policies and practices on a class basis will obviate the need for duplicative litigation. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would potentially face dozens of additional individual cases raising identical questions based on the same practices challenged here. Moreover, class members are better served by

FILED DATE: 4/26/2023 2:34 PM    2023CH04073

pooling resources rather than attempting to litigate individually. *See CE Design Ltd.*, 2015 IL App (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

**V.      SHOULD THE COURT OR DEFENDANTS SEEK ADDITIONAL INFORMATION REGARDING THIS MOTION, THE COURT SHOULD ALLOW SUPPLEMENTAL AND DEFERRED BRIEFING FOLLOWING DISCOVERY.**

There is no meaningful need for discovery for the Court to certify a class in this matter; as discussed herein, Defendants' practices are uniform and their legality may be evaluated on a class basis. If, however, the Court wishes for the parties to engage in discovery, or Defendants request formal discovery prior to responding to this Motion, the Court should keep the instant Motion pending during the discovery period, allow Plaintiff a supplemental brief following discovery, and defer Defendants' response and Plaintiff's reply. Plaintiff is moving for class certification at the outset of this case in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative, and also because no meaningful discovery is necessary to establish the propriety of class treatment here. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts alleged at this early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

## **<u>CONCLUSION</u>**

For the reasons stated above, Plaintiff respectfully requests that the Court enter an order: (1) certifying the proposed class; (2) appointing Plaintiff as class representative; (3) appointing the undersigned counsel as class counsel; and (4) authorizing court-facilitated notice of this action to the class. In the alternative, this Court should allow discovery, Plaintiff requests that that the Court allow Plaintiff to supplement this briefing and defer the parties' response and reply brief deadlines.

FILED DATE: 4/26/2023 2:34 PM   2023CH04073

Respectfully submitted,

ZEBEDEE TURNER, individually and on behalf all others similarly situated,

By their attorneys,


 /s/ James B. Zouras
James B. Zouras, BBO #6230596
STEPHAN ZOURAS, LLP
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 f
Firm ID: 43734
jzouras@stephanzouras.com

Hillary Schwab
  *Pro hac vice* application forthcoming
Rachel Smit
  *Pro hac vice* application forthcoming
Brant Casavant
  *Pro hac vice* application forthcoming
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel:  (617) 607-3260
Fax:  (617) 488-2261
hillary@fairworklaw.com
rachel@fairworklaw.com
brant@fairworklaw.com

Dated: April 26, 2023.

FILED DATE: 4/26/2023 2:34 PM    2023CH04073

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on April 26, 2023, I filed the attached with the Clerk of the Court using the electronic filing system and will send such filing to all attorneys of record.

*/s/ James B. Zouras*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

**FILED DATE: 4/26/2023 2:06 PM 2023CH04073**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 16

**STATE OF ILLINOIS,**
**CIRCUIT COURT**

Cook ▢ **COUNTY**

**SUMMONS**

For Court Use Only

FILED
4/26/2023 2:06 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04073
Calendar, 16
22461492

| **Instructions** ▾ | |
|---|---|
| Enter above the county name where the case was filed. | Zebedee Turner |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | M&M LIMOUSINE SERVICE, INC., M&M TRANSPORTATION SERVICES LLC, and MINDAUGAS SUSINSKAS |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023CH04073
Calendar, 16
22461492

2023CH04073
**Case Number**

| | |
|---|---|
| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
| | E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org. |
| | Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help. |
| | If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:** |
| | a. Defendant/Respondent's primary address/information for service: |
| | Name *(First, Middle, Last)*: __M&M Transportation Services, LLC.__ |
| | Registered Agent's name, if any: __Alexander Narod__ |
| | Street Address, Unit #: __601 Skokie Blvd., #503__ |
| | City, State, ZIP: __Northbrook, IL. 60062__ |
| | Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: |
| | Name *(First, Middle, Last)*: _____ |
| | Street Address, Unit #: _____ |
| | City, State, ZIP: _____ |
| | Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/Respondent. | c. Method of service on Defendant/Respondent: |
| | ☑ Sheriff ☐ Sheriff outside Illinois: _____ |
| | *County & State* |
| | ☐ Special process server ☐ Licensed private detective |

| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:** |
|---|---|

Amount claimed: $ _____

| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:** |
|---|---|

Name *(First, Middle, Last)*: James B. Zouras - Stephan Zouras, LLP.

Street Address, Unit #: 222 W Adams St., Suite 2020

City, State, ZIP: Chicago, IL. 60606

Telephone: (312) 233-1550          Email: jzouras@stephanzouras.com

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. <br> To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

**4.** **Instructions for person receiving this *Summons* (Defendant):**

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | ☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at: <br> Address: 50 W. Washington Street <br> City, State, ZIP: Chicago, IL. 60602 |
|---|---|

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. Attend court: <br> On: _____ at _____ ☐ a.m. ☐ p.m. in _____ <br>     *Date*     *Time*     *Courtroom* <br> **In-person at:** <br> _____ <br> *Courthouse Address*    *City*    *State*    *ZIP* <br> OR |
|---|---|

| In **4b**, fill out: <br> • The court date and time the clerk gave you. <br> • The courtroom and address of the court building. <br> • The call-in or video information for remote appearances (if applicable). <br> • The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): <br>      By telephone: _____ <br>          *Call-in number for telephone remote appearance* <br>      By video conference: _____ <br>              *Video conference website* <br> _____ <br> *Video conference log-in information (meeting ID, password, etc.)* <br> Call the Circuit Clerk at: _____ or visit their website <br>          *Circuit Clerk's phone number* <br> at: _____ to find out more about how to do this. <br>    *Website* |
|---|---|

| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** _____ |
|---|---|

**Clerk of the Court:** 4/26/2023 2:06 PM IRIS Y. MARTINEZ

| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.** <br> Date of Service: _____ <br> *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |
|---|---|

FILED DATE: 4/26/2023 2:06 PM  2023CH04073

FILED DATE: 4/26/2023 2:06 PM 2023CH04073

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

Cook ▾ **COUNTY**

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Zebedee Turner _____ **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. M&M LIMOUSINE SERVICE, INC., M&M TRANSPORTATION SERVICES LLC, and MINDAUGAS SUSINSKAS _____ **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023CH04073 _____

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

And left it with: _____

*First, Middle, Last*

Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____

*First, Middle, Last*

Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

---

**DO NOT** complete this section. The sheriff or private process server will complete it.

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_____

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total                $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED DATE: 4/26/2023 2:06 PM   2023CH04073



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

| | | | |
|---|---|---|---|
| **CASE NUMBER:** 2023CH04073 | **SHERIFF NUMBER:** 50282145 | **MULT. SER.:** 3 | **DOC. TYPE:** CHAN |
| **DIE DATE:** 05/19/2023 | **RECEIVED DATE:** 04/27/2023 | **FILED DATE:** 04/26/2023 | **DIST:** 62 |

| | |
|---|---|
| **DEFENDANT:** M and M TRANSPORTATION SERVICES LLC | **PLAINTIFF:** Turner, Zebedee |
| **ADDRESS:** 601 Skokie | **ATTORNEY:** Stephan Zouras LLP |
| **CITY:** Northbrook | **ADDRESS:** 601 N Riverside Dr 2150 |
| **STATE:** IL **ZIP CODE:** 60062 | **CITY:** Chicago |
| **ATTACHED FEE AMT:** | **STATE:** IL **ZIP CODE:** 60606 |
| **SERVICE INFORMATION:** R/A: Alexander Narod | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

☐ **(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

**WRIT SERVED ON:** AARON NAROD    ATTEMPTED SERVICES

**SEX:** M **RACE:** WH **AGE:** 25    Date    Time    Star #

**THIS** 18 **DAY OF** May 20 23

**TIME:** 11:22 AM

**THOMAS J. DART,**
**SHERIFF, BY:** /S/    VARGAS, ELIZABETH #11220    **, DEPUTY**

Page 1 of 2



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2023CH04073   **SHERIFF NUMBER:** 50282145   **MULT. SER.:** 3   **DOC. TYPE:** CHAN

**DIE DATE:** 05/19/2023   **RECEIVED DATE:** 04/27/2023   **FILED DATE:** 04/26/2023   **DIST:** 62

| Date | Time | Star # |
|------|------|--------|

Case: 1:23-cv-04476 Document #: 1-1 Filed: 07/21/23 Page 47 of 76 PageID #:63

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Cook ▼ COUNTY | | **FILED**<br>4/26/2023 2:06 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2023CH04073<br>Calendar, 16<br>22461492 |

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | Zebedee Turner<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | M&M LIMOUSINE SERVICE, INC., M&M TRANSPORTATION SERVICES LLC, and MINDAUGAS SUSINSKAS<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2023CH04073**

**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |
|---|---|---|
| | | a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: __M & M Limousine Service, Inc.__<br>Registered Agent's name, if any: __Alexander Narod__<br>Street Address, Unit #: __601 Skokie Blvd., #503__<br>City, State, ZIP: __Northbrook, IL. 60062__<br>Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/Respondent, if you have one. | | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/Respondent. | | c. Method of service on Defendant/Respondent:<br>☑ Sheriff ☐ Sheriff outside Illinois: _____ *County & State*<br>☐ Special process server ☐ Licensed private detective |

SU-S 1503.2                                           Page 1 of 4                                           (06/21)

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:** <br> Amount claimed:  $ _____ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:** <br> Name *(First, Middle, Last):*  James B. Zouras - Stephan Zouras, LLP. <br> Street Address, Unit #:  222 W Adams St., Suite 2020 <br> City, State, ZIP:  Chicago, IL. 60606 <br> Telephone:  (312) 233-1550        Email:  jzouras@stephanzouras.com |

| **GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties. |
|---|

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons.* <br> To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons (Defendant)*:** <br> ☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at: <br> Address:  50 W. Washington Street <br> City, State, ZIP:  Chicago, IL. 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b. Attend court: <br> On: _____ at _____ ☐ a.m. ☐ p.m. in _____ <br>      *Date*       *Time*             *Courtroom* <br> **In-person at:** <br> _____ <br> *Courthouse Address*     *City*          *State*     *ZIP* <br> OR |
| In **4b**, fill out: <br> • The court date and time the clerk gave you. <br> • The courtroom and address of the court building. <br> • The call-in or video information for remote appearances (if applicable). <br> • The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:** <br>      By telephone: _____ <br>                   *Call-in number for telephone remote appearance* <br>      By video conference: _____ <br>                     *Video conference website* <br> _____ <br>     *Video conference log-in information (meeting ID, password, etc.)* <br> Call the Circuit Clerk at: _____ or visit their website <br>                 *Circuit Clerk's phone number* <br> at: _____ to find out more about how to do this. <br>     *Website* |



| | |
|---|---|
| **STOP!** <br> The Circuit Clerk will fill in this section. | **Witness this Date:** _____ |
| | **Clerk of the Court:** 4/26/2023 2:06 PM IRIS Y. MARTINEZ |
| **STOP!** <br> The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.** <br> Date of Service: _____ <br>           *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

FILED DATE: 4/26/2023 2:06 PM   2023CH04073

FILED DATE: 4/26/2023 2:06 PM 2023CH04073

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Cook ▾ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Zebedee Turner _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. M&M LIMOUSINE SERVICE, INC., M&M TRANSPORTATION SERVICES LLC, and MINDAUGAS SUSINSKAS _____ **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2023CH04073 _____ **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
   *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐  Personally on the Defendant/Respondent:

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address, Unit#: _____

    City, State, ZIP: _____

    ☐  On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address, Unit#: _____

    City, State, ZIP: _____

    And left it with: _____
        *First, Middle, Last*

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

    ☐  On the Corporation's agent, _____
        *First, Middle, Last*

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address: _____

    City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |
|---|---|

**By:**

**FEES**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

*Signature by:*   ☐ Sheriff
  ☐ Sheriff outside Illinois:

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

Service and Return:   $ _____
Miles _____   $ _____
Total   $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED DATE: 4/26/2023 2:06 PM   2023CH04073



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2023CH04073    **SHERIFF NUMBER:** 50282144    **MULT. SER.:** 3    **DOC. TYPE:** CHAN

**DIE DATE:** 05/19/2023    **RECEIVED DATE:** 04/27/2023    **FILED DATE:** 04/26/2023    **DIST:** 62

| | |
|---|---|
| **DEFENDANT:** M and M LIMOUSINE SERVICE INC | **PLAINTIFF:** Turner, Zebedee |
| **ADDRESS:** 601 Skokie | **ATTORNEY:** Stephan Zouras LLP |
| **CITY:** Northbrook | **ADDRESS:** 601 N Riverside Dr 2150 |
| **STATE:** IL    **ZIP CODE:** 60062 | **CITY:** Chicago |
| **ATTACHED FEE AMT:** | **STATE:** IL    **ZIP CODE:** 60606 |
| **SERVICE INFORMATION:** R/A: Alexander Narod | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

☐ **(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

☐ (01) NO CONTACT        ☐ (05) WRONG ADDRESS        ☐ (09) DECEASED
☐ (02) MOVED             ☐ (06) NO SUCH ADDRESS       ☐ (10) NO REGISTED AGENT
☐ (03) EMPTY LOT         ☐ (07) EMPLOYER REFUSAL      ☐ (11) OUT OF COOK COUNTY
☐ (04) NOT LISTED        ☐ (08) CANCELLED BY PLAINTIFF ATTY    ☐ (12) OTHER REASON (EXPLAIN)

**EXPLANATION:**

**WRIT SERVED ON:** AARON NAROD                                    ATTEMPTED SERVICES
**SEX:** M    **RACE:** WH    **AGE:** 25                          Date        Time        Star #
**THIS** 18 **DAY OF** May 20 23
**TIME:** 11:22 AM

THOMAS J. DART,
SHERIFF, BY: /S/    VARGAS, ELIZABETH #11220         , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

| **CASE NUMBER:** 2023CH04073 | **SHERIFF NUMBER:** 50282144 | **MULT. SER.:** 3 | **DOC. TYPE:** CHAN |
| --- | --- | --- | --- |
| **DIE DATE:** 05/19/2023 | **RECEIVED DATE:** 04/27/2023 | **FILED DATE:** 04/26/2023 | **DIST:** 62 |

Date        Time        Star #

**IN THE CIRCUIT COURT FOR COOK COUNTY**
**COUNTY DEPARTMENT – CHANCERY DIVISION**

| | |
|---|---|
| ZEBEDEE TURNER, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>M&M LIMOUSINE SERVICE, INC., M&M TRANSPORTATION SERVICES LLC, and MINDAUGAS SUSINSKAS, individually,<br><br>　　　　　　　Defendants. | Civil Action No. 2023-CH-04073 |

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT**
**OF SUMMONS AND CLASS ACTION COMPLAINT**

TO:　　Mindaugas Susinskas
　　　　c/o George J. Schaller
　　　　Duane Morris LLP
　　　　190 South LaSalle Street, Suite 3700
　　　　Chicago, IL 60603

The enclosed summons and class action complaint are hereby served pursuant to section 2-213 of the Illinois Code of Civil Procedure. Please complete the acknowledgement part of this form and return one copy of the completed form to the sender within ten (10) days. You must sign and date the acknowledgement. If you do not complete and return the form to the sender within ten (10) days, you or the parties on whose behalf you are being served may be served a summons and amended complaint in any other manner permitted by law.

I declare, under penalty of perjury, that this notice and acknowledgement of receipt of the summons and complaint will have been sent via email on June 23, 2023.

Respectfully submitted,

  /s/ James B. Zouras
James B. Zouras, **Stephan Zouras, LLP**
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
Firm ID: 43734
jzouras@stephanzouras.com

Hillary Schwab
  *Pro hac vice* application forthcoming
Rachel Smit
  *Pro hac vice* application forthcoming
Brant Casavant
  *Pro hac vice* application forthcoming
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel:    (617) 607-3260
Fax:    (617) 488-2261
hillary@fairworklaw.com
rachel@fairworklaw.com
brant@fairworklaw.com

Dated: June 23, 2023.

## **ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

I declare, under penalty of perjury, that I received a copy of the Class Action Complaint in the above-captioned matter and the summons to Mindaugus Susinskas via email at gschaller@duanemorris.com.

George Schaller

_George SChaller_

---

Printed Name

Signature

Attorney

Date: July 3, 2023

---

Relationship to Entity

FILED DATE: 4/26/2023 2:06 PM 2023CH04073

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 16

**STATE OF ILLINOIS,
CIRCUIT COURT**

Cook _____ **COUNTY**

**SUMMONS**

*For Court Use Only*

FILED
4/26/2023 2:06 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04073
Calendar, 16
22461492

| **Instructions ▾** | |
|---|---|
| Enter above the county name where the case was filed. | Zebedee Turner |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/ Respondents. | M&M LIMOUSINE SERVICE, INC., M&M TRANSPORTATION SERVICES LLC, and MINDAUGAS SUSINSKAS |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023CH04073

**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons,* or *Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:** |
|---|---|
| |    a.   Defendant/Respondent's primary address/information for service: |
| |        Name *(First, Middle, Last)*:  MINDAUGAS SUSINSKAS |
| |        Registered Agent's name, if any: |
| |        Street Address, Unit #:  2720 River Road, Suite 134 |
| |        City, State, ZIP:  Des Plaines, IL. 60018 |
| |        Telephone:    Email: |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. |    b.   If you have more than one address where Defendant/Respondent might be found, list that here:
       Name *(First, Middle, Last)*:
       Street Address, Unit #:
       City, State, ZIP:
       Telephone:    Email: |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. |    c.   Method of service on Defendant/Respondent:
      ☑ Sheriff    ☐ Sheriff outside Illinois: _____
                                      *County & State*
      ☐ Special process server    ☐ Licensed private detective |

FILED DATE: 4/26/2023 2:06 PM    2023CH04073

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed:   $ _____ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):*   James B. Zouras - Stephan Zouras, LLP.<br>Street Address, Unit #:   222 W Adams St., Suite 2020<br>City, State, ZIP:  Chicago, IL. 60606<br>Telephone:  (312) 233-1550       Email:   jzouras@stephanzouras.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address:   50 W. Washington Street<br>City, State, ZIP:  Chicago, IL. 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b.  Attend court:<br>On: _____ at  _____ ☐ a.m. ☐ p.m. in _____<br>     *Date*                   *Time*                                *Courtroom*<br>**In-person at:**<br>_____<br>*Courthouse Address*      *City*                           *State*        *ZIP* |
| In **4b**, fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk. | OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**<br>     By telephone: _____<br>                       *Call-in number for telephone remote appearance*<br>     By video conference: _____<br>                              *Video conference website*<br>     _____<br>     *Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>                           *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>    *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>          4/26/2023 2:06 PM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>          *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

FILED DATE: 4/26/2023 2:06 PM   2023CH04073

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook ▾ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Zebedee Turner<br><hr>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>M&M LIMOUSINE SERVICE, INC., M&M TRANSPORTATION SERVICES LLC, and MINDAUGAS SUSINSKAS<br><hr>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* | 2023CH04073<br><hr>**Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state

*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**

*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____ Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

And left it with: _____

*First, Middle, Last*

Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____ Race: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____

*First, Middle, Last*

Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____ Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. |
|---|

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
|---|

**By:**

_____

*Signature by:*  ☐ Sheriff
                ☐ Sheriff outside Illinois:

_____
*County and State*
                ☐ Special process server
                ☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return:  $ _____
Miles _____       $ _____
Total                 $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED DATE: 4/26/2023 2:06 PM   2023CH04073

Hearing Date: 8/23/2023 10:30 AM
Location: Court Room 2102
Judge: Atkins, David B.

Case: 1:23-cv-04740 Document #: 21-1 Filed: 07/21/23 Page 60 of 76 PageID #:75

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

FILED
4/25/2023 3:17 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04073
Calendar, 16
22444215

## IN THE CIRCUIT COURT FOR COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

ZEBEDEE TURNER, on behalf of himself
and all others similarly situated,

Plaintiffs,

v.

M&M LIMOUSINE SERVICE, INC.,
M&M TRANSPORTATION SERVICES
LLC, and MINDAUGAS SUSINSKAS,
individually,

Defendants.

Civil Action No. **2023CH04073**

JURY DEMANDED

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I.      INTRODUCTION.

1.      Plaintiff Zebedee Turner ("Turner") is a former limousine driver for Defendants
M&M Limousine Service, Inc. ("M&M Limo"), and M&M Transportation Services, LLC
("M&M Transport"), two privately held companies that are owned by Defendant Mindaugas
Susinskas ("Susinskas") (collectively, "Defendants"). Turner brings this action both individually
and on behalf of all others similarly situated in order to challenge the following unlawful
practices:

a.      Defendants' misclassification of their drivers as independent contractors
even though those drivers do not meet the test for independent contractor status under the
Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. § 115/2;

b.      Defendants' failure to pay their drivers overtime compensation at the
correct overtime rate for hours in excess of forty per week in violation of the overtime
provision of the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. § 105/4a;

1

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

c.      Defendants' improper and unlawful deduction from their drivers' wages of sums not authorized under the IWPCA, 820 Ill. Comp. Stat. § 115/9; and

d.      Defendants' unfair and deceptive retention of gratuities paid by customers for the benefit of their drivers, which violates the IWPCA, 820 Ill. Comp. Stat. § 115/4.1, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. § 505/2, and which constitutes common law unjust enrichment.

2.      In this action, Turner seeks certification of a class of individuals who have worked for Defendants as drivers during the relevant statutory periods pursuant to Section 2-801 of the Illinois Code of Civil Procedure ("ILCS"), 735 ILCS § 5/2-801; an order enjoining Defendants from further violation of the IWPCA, the IMWL, and the ICFA; restitution for all unpaid overtime wages at the appropriate overtime rates, improper deductions taken from his and the other drivers' wages, and gratuities withheld from drivers; liquidated damages; pre- and post-judgment interest; reasonable attorneys' fees and costs; and any other relief that this Court deems proper.

## II.    THE PARTIES.

3.      Zebedee Turner is an adult resident of Chicago, Illinois. He worked as a driver for M&M from January 2022 until February 2023.

4.      Turner brings this action on behalf of the following proposed class: all individuals who have worked for M&M Limousine Service, Inc., or M&M Transportation Services, LLC, as drivers, and whom M&M Limousine Service, Inc., or M&M Transportation Services, LLC, have classified as independent contractors, at any time since the beginning of the ten-year period preceding the filing of this Complaint.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

5.      Turner and the proposed class members all routinely and primarily performed work for Defendants in the State of Illinois.

6.      M&M Limousine Service, Inc., is a domestic corporation that maintains its principal office at 1300 Rand Road in Des Plaines, Illinois.

7.      M&M Transportation Services, LLC, is a domestic limited liability company that maintains its principal office at 2720 River Road in Des Plaines, Illinois.

8.       Mindaugas Susinskas is an adult resident of Riverwoods, Illinois, and is the founder and owner of both M&M Limousine Service, Inc., and M&M Transportation Services, LLC.

## III.    JURISDICTION AND VENUE.

9.      The Circuit Court for Cook County has jurisdiction over this matter pursuant to General Order No. 1.2, 2.1(a)(4) because this is an action seeking compensatory damages in excess of $100,000 wherein the occurrence took place, and where the defendant resides in, the boundaries of Municipal District Two (Des Plaines).

10.     Venue is proper in Cook County pursuant to 735 ILCS § 5/2-101 because M&M Limo and M&M Transport maintain their principal offices in Des Plaines, Illinois, which lies in Cook County, and because some part of the transaction out of which this matter arose occurred in Cook County.

## IV.    STATEMENT OF FACTS.

a.      **M&M Limousine's business structure.**

11.     M&M Limo and M&M Transport are in the business of providing chauffeured luxury vehicle services under the trade name "M&M Limousine Services."

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

12.     M&M Limo and M&M Transport are an integrated enterprise that share the same corporate offices and managerial personnel, and which are subject to common ownership.

13.     For purposes of this Complaint, M&M Limo and M&M Transport will be referred to together as "M&M."

14.     Susinskas is the president and secretary of M&M Limo and the manager of M&M Transport. Susinskas is an "employer" within the meaning of the IWPCA and the IMWL because he:

a.      is an owner and officer of both M&M Limo and M&M Transport;

b.      retains and exercises operational control over M&M Limo and M&M Transport;

c.      is a decision maker with respect to the misclassification and wage practices alleged herein; and

d.      has knowingly permitted the IWPCA and IMWL violations alleged herein to occur.

**b.      M&M's classification of drivers.**

15.     In order to provide its chauffeured luxury vehicle services, M&M owns a fleet of vehicles (e.g., sedans, limousines) which it maintains at its facilities in Des Plaines and Chicago, Illinois.

16.     M&M employs numerous individuals as drivers whom it classifies as independent contractors, rather than as employees.

17.     On information and belief, M&M has employed more than 100 drivers in Illinois (classified as independent contractors) during the past three years.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

18.     Turner worked for M&M as a driver between January 2022 and February 2023. M&M classified him as an independent contractor throughout that period.

19.     M&M retains drivers with the understanding and agreement that it will pay them certain sums, including at specified hourly rates, in exchange for the driving services they provide.

20.     Although M&M classifies its drivers as independent contractors, the chauffer drivers do not satisfy the test for independent contractor status under the IWPCA and the IMWL.

21.     M&M maintains the right to control and direct – and does, in fact, control and direct – the terms and details of the worked performed by the drivers. For example, M&M:

        a.      employs "driver managers" who are responsible for directing, supervising, and disciplining the drivers;

        b.      requires the drivers to wear dress shirts, black pants, black shoes, and black jackets with "minimum logos";

        c.      requires the drivers to download specific smartphone apps in order to clock-in and clock-out and receive their job assignments;

        d.      prohibits the drivers from using their assigned luxury vehicles for personal reasons unless they pay $2 per mile driven;

        e.      requires the drivers to pick up and return their assigned luxury vehicles at its facility in Des Plaines, Illinois, each day;

        f.      unilaterally controls the drivers' rate of pay, pay schedule, and what assignments they receive;

        g.      sets the drivers' weekly work schedules and requires drivers to submit signed "trip" and "hour" sheets documenting their hours worked;

FILED DATE: 4/25/2023 3:17 PM  2023CH04073

      h.      retains unilateral authority to hire and fire drivers on an at-will basis and has, in fact, exercised that authority to terminate drivers;

      i.      requires the drivers to clean, restock, and perform maintenance on their luxury vehicles at the end of each shift;

      j.      retains the right to subject the drivers to drug and alcohol testing before permitting them to return to work following an accident;

      k.      requires the drivers to submit time-off requests two weeks in advance and documentation if they "call out" due to a medical emergency; and

      l.      fines the drivers for damage to their vehicles, for blocking the view of the vehicles' dash-cams, and for failing to return vehicles fully fueled.

22.      The drivers perform work within M&M's usual course of business; that is, they perform chauffeur driving for M&M, which is in the business of providing chauffeured luxury vehicle services for customers.

23.      The drivers are an integral and necessary part of M&M's business because without the drivers, M&M would be unable to provide its primary service to customers, i.e., chauffeured luxury vehicle services.

24.      The drivers perform work within M&M's usual place of business, namely, the luxury vehicles owned by M&M, which M&M keeps at its physical properties when not in use by the drivers.

25.      The drivers do not work in an independently established trade, occupation, profession, or business as drivers because, *inter alia*, M&M:

      a.      actively recruits and hires individuals with little to no prior experience as drivers;

6

FILED DATE: 4/25/2023 3:17 PM  2023CH04073

b.      owns the vehicles that the drivers use, and prohibits them from using those vehicles for purposes other than servicing M&M's customers;

c.      requires the drivers to be "on call" throughout the duration of their assignments, such that the drivers are unable to provide driving services to anyone other than their M&M-assigned customer; and

d.      brands many of the vehicles driven by the drivers as "M&M" vehicles, advertises the drivers as "our chauffeurs," and maintains exclusive access to customers, such that the drivers must work exclusively through M&M.

**c.      M&M's pay practices.**

26.     M&M pays the drivers by the hour – for example, M&M paid Turner $17 per hour – but does not pay the drivers additional compensation when they work more than forty hours in a week, which they routinely do.

27.     For example, during the week of October 3, 2022, Turner worked a total of 71 hours as a driver for M&M. M&M paid him a total of $1,207.00 for those hours – i.e., $17 per hour, with no additional or increased pay for overtime.

28.     M&M takes deductions from the drivers' compensation, including fees and fines for, *inter alia*, failing to return vehicles fully fueled; failing to adhere to M&M's dress code; using vehicles for any reason other than M&M assignments; and damage to M&M-assigned vehicles.

29.     For example, M&M deducted $1,000 from Turner's final paycheck due to damage to the vehicle he was driving following completion of a particular assignment, even though Turner was not at fault for that damage.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

30.     The deductions taken by M&M are not required by law, are not for the benefit of the drivers, and are not made in response to a valid wage assignment or wage deduction order.

31.     M&M does not receive express written consensual authorization from the drivers for the deductions it takes from their compensation.

**d.     M&M's gratuity retention practices.**

32.     M&M charges customers a 20 percent gratuity in addition to the price they pay for luxury vehicle services.

33.     M&M characterizes this 20 percent charge as a "gratuity" or "driver's gratuity" in its advertisements and communications with customers.

34.     For example, on its website, M&M includes the following statement regarding gratuities:

### WORRY-FREE TIPPING WITH M&M LIMO

If your limo driver goes above and beyond by offering these services, they deserve to be thanked with a higher tip. Fortunately, M&M Limo includes 20% gratuity into their total price, which makes enjoying premier limousine service easier than ever.

35.     Similarly, in a posting made to Facebook, M&M stated the following:

8

FILED DATE: 4/25/2023 3:17 PM   2023CH04073



36.    Despite representing to customers that the 20 percent gratuity they are paying will be paid to the drivers, M&M does not actually pay the 20 percent gratuity to the drivers.

37.    For example, Turner's paychecks reflect that his total compensation each workweek worked out to $17 per hour – his hourly rate, which M&M set – and never included additional sums any gratuities.

38.    In addition, customers whom Turner was assigned by M&M would occasionally state that they had "already paid" a gratuity as part of the price they were charged. However, Turner would not receive those alleged gratuity payments.

39.    The "gratuities," i.e., "driver's gratuities" collected from customers by M&M are the property of the drivers, and Defendants have unlawfully kept them instead of distributing them to the drivers.

40.    M&M's misrepresentations concerning the drivers' 20 percent gratuity was directed at the market and consumers generally, with the intention of deceiving customers into believing that the gratuities they were paying were going to the drivers.

9

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

41.     M&M misrepresentations concerning the 20 percent gratuity directly and proximately harmed the drivers because they did not receive money that customers intended or expected them to receive.

42.     M&M's failure to remit the 20 percent gratuity paid by customers to the drivers frustrated those customers' intentions by depriving the drivers of money the customers expected them to receive.

43.     Permitting M&M to retain the gratuities paid by customers would be unjust and inequitable because it would permit M&M to benefit from the affirmative misrepresentations it has made consumers, to the detriment of the drivers.

## V.   CLASS ALLEGATIONS.

44.     Turner brings his lawsuit as a class action pursuant to 735 ILCS § 5/2-801 for and on behalf of himself and the following proposed class, as to which he seeks certification:

> all individuals who have worked for M&M Limousine Service, Inc., or M&M Transportation Services, LLC, as drivers, and whom M&M Limousine Service, Inc., or M&M Transportation Services, LLC, have classified as independent contractors, at any time since the beginning of the ten-year period preceding the filing of this Complaint.

45.     This case may be maintained properly as a class action because it meets all the requirements for class certification under 735 ILCS § 5/2-801.

46.     The class is too numerous for practicable joinder. On information and belief, the size of the proposed class is at least 100 individuals. Turner does not know the exact size of the class since that information is within the control of Defendants.

47.     There are questions of law and fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include, *inter alia*, whether Defendants have:

> a.     misclassified their drivers as independent contractors;

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

b.      failed to pay their drivers for overtime at the appropriate rate;

c.      taken improper and unauthorized deductions from their drivers' agreed-upon compensation;

d.      misrepresented to consumers that the "gratuity" they pay for chauffeur services will be remitted to the drivers; and

e.      retained or otherwise failed to distribute to their drivers the gratuities paid by customers.

48.     The claims asserted by Turner are typical of the claims of potential class members because he performed the same work subject to the same challenged practices as the potential class members he seeks to represent. Further, Turner and the potential class members' claims should be readily ascertainable from Defendants' business records.

49.     Turner and his counsel will fairly and adequately protect and represent the interests of the class. Turner has no conflict of interest with the proposed class members. Moreover, his success in this matter will translate into success for the proposed class generally. Turner also retained the undersigned counsel, who are highly experienced in wage litigation and class actions generally.

50.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The alternative – numerous identical lawsuits alleging similar or identical causes of action – would not serve the interests of judicial economy and the prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants. Moreover, some class members – particularly current drivers – may be reluctant to bring their claims individually for fear of retaliation by Defendants.

51.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the IWPCA and IMWL to workers, whose individual claims may be too small to warrant the expense of litigation.

52.    This class action will not be difficult to manage due to the uniformity of claims among the class members, the amenability of wage and consumer fraud cases to both class litigation, and the use of representative testimony and representative documentary evidence that will be similar or identical among the members of the proposed class.

## COUNT I
### Illinois Minimum Wage Law
### 820 Ill. Comp. Stat. § 105/4a

53.    On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

54.    As set forth herein, Defendants have violated the IMWL, 820 Ill. Comp. Stat. § 105/4a, by failing to play Turner and the proposed class members 1.5 times their regular rate of pay when they have worked more than forty hours in a workweek.

55.    Turner brings this claim on behalf of himself and all others similarly situated pursuant to 820 Ill. Comp. Stat. § 105/12.

## COUNT II
### Illinois Wage Payment and Collection Act – Unlawful Deductions
### 820 Ill. Comp. Stat. § 115/9

56.    On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

57.    As set forth herein, Defendants have violated the IWPCA, 820 Ill. Comp. Stat. § 115/9, by taking unlawful deductions from the compensation they agreed to pay Turner and the proposed class members.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

58.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to 820 Ill. Comp. Stat. § 115/14.

**COUNT III**

**Illinois Wage Payment and Collection Act – Unpaid Gratuities**
**820 Ill. Comp. Stat. § 115/4.1**

59.     On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

60.     As set forth herein, Defendants have violated the IWPCA, 820 Ill. Comp. Stat. § 115/4.1, by keeping gratuities to Turner and the proposed class members, which are the property of the drivers.

61.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to 820 Ill. Comp. Stat. § 115/14.

**COUNT IV**

**Illinois Consumer Fraud and Deceptive Business Practices Act**
**815 Ill. Comp. Stat. § 505/2**

62.     On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

63.     As set forth herein, Defendants have violated the ICFA, 820 Ill. Comp. Stat. § 505/2, by engaging in the unfair and deceptive act or practice of charging monetary sums to consumers under the false pretense that they are paying "gratuities" for the benefit of Defendants' drivers while failing to remit the money paid by consumers to the drivers.

64.     As a result of Defendants' unfair and deceptive acts or practices in connection with the "gratuities" they collect from consumers, Defendants' drivers have suffered damages because they have not received money that consumers intended or expected them to receive.

FILED DATE: 4/25/2023 3:17 PM  2023CH04073

65.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to 820 Ill. Comp. Stat. § 505/10a.

**COUNT V**
**Unjust Enrichment**

66.     On behalf of himself and the proposed class defined in paragraph 44, Turner reasserts and incorporates here by reference all previous paragraphs in this Complaint.

67.     As set forth herein, Defendants have engaged in common law unjust enrichment by falsely misrepresenting to consumers that they were paying "gratuities" for the benefit of their drivers while failing to remit those gratuities to the drivers.

68.     Turner brings this claim on behalf of himself and all others similarly situated pursuant to Illinois common law.

**PRAYER FOR RELIEF**

69.     Plaintiff hereby demands a jury on all claims.

70.     Plaintiff respectfully requests that the Court grant the following relief:

a.      Certification of the proposed class under 735 ILCS § 5/2-801;

b.      Appointment of Turner and the undersigned counsel as representatives of the certified class;

c.      An order enjoining Defendants from further violations of the IWPCA, the IMWL, and the ICFA;

d.      Restitution of all unpaid overtime wages owed under the IMWL;

e.      Restitution of all improper deductions under the IWPCA;

f.      Restitution of all unpaid gratuities;

g.      Liquidated damages and penalties as provided for in 820 Ill. Comp. Stat. §§ 105/12(a) and 115/14(a);

14

FILED DATE: 4/25/2023 3:17 PM    2023CH04073

h.    Pre- and post-judgment interest;

i.    Reasonable attorneys' fees and costs; and

j.    Any such other relief as this Court deems proper.

FILED DATE: 4/25/2023 3:17 PM   2023CH04073

Respectfully submitted,

ZEBEDEE TURNER, individually and on behalf all others similarly situated,

By their attorneys,


  /s/ James B. Zouras

James B. Zouras, **STEPHAN ZOURAS, LLP**
222 W. Adams St, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
Firm ID: 43734
jzouras@stephanzouras.com


Hillary Schwab
  *Pro hac vice* application forthcoming
Rachel Smit
  *Pro hac vice* application forthcoming
Brant Casavant
  *Pro hac vice* application forthcoming
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel:  (617) 607-3260
Fax:  (617) 488-2261
hillary@fairworklaw.com
rachel@fairworklaw.com
brant@fairworklaw.com

Dated: April 25, 2023

FILED DATE: 4/25/2023 3:17 PM    2023CH04073

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on April 25, 2023, I filed the attached with the Clerk of the Court using the electronic filing system and will send such filing to all attorneys of record.

<em><u>/s/ James B. Zouras</u></em>